**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

```
------------------------------------X
                                    :
EQUAL EMPLOYMENT OPPORTUNITY        :    CIVIL ACTION NO.
COMMISSION,                         :
                                    :
          Plaintiff,                :
                                    :
     v.                             :
                                    :
                                    :    COMPLAINT AND
WHITE HOUSE HOME FOR ADULTS         :    JURY TRIAL DEMAND
                                    :
          Defendant.                :
                                    :
------------------------------------X
```

**NATURE OF THE ACTION**

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Theresa Chase and similarly situated female employees (hereinafter "the class") who were affected by such practices. As alleged with greater particularity in paragraph 7 below, White House Home for Adults (hereinafter "Defendant"), subjected the class of female employees to repeated sexual harassment and unlawful retaliation. In addition, Defendant constructively discharged Theresa Chase and similarly situated female employees when it failed to remedy the sexually hostile work environment.

## JURISDICTION AND VENUE

1.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.   Defendant regularly does business within the Northern District of New York and venue is proper in this district pursuant to 28 U.S.C. § 1391.

## PARTIES

3.   Plaintiff, Equal Employment Opportunity Commission (the "Commission") is the agency of the United States of America charged with administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4.   At all relevant times, Defendant has continuously been a New York corporation doing business in the State of New York, Rensselaer County, and has continuously had at least fifteen employees.

5.   At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C.

2

§§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Theresa Chase filed charges with the Commission, on behalf of herself and similarly situated female employees, alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least October of 2000, Defendant engaged in unlawful employment practices at its facility in Rensselaer, New York in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1). These practices include, but are not limited to, the following:

a. Defendant subjected the class to sexually harassing conduct including but not limited to: solicitation for sex, sexually explicit jokes and comments, offensive sexual advances and gestures, groping of female's bodies, pressuring female employees to wear sexually provocative clothing and threats of retaliation. Defendant also subjected the class to discriminatory conditions which resulted in unlawful retaliation and their constructive discharge.

b. Although female employees complained about the harassment, Defendant made no efforts reasonably calculated to prevent or eradicate the continuing behavior and hostile work environment.

   c. Defendant constructively discharged Theresa Chase and similarly situated female employees in violation of Title VII when it failed to remedy a hostile work environment which made conditions so intolerable that she was forced to leave her position.

   8. The effect of the practices complained of above has been to deprive a class of female employees equal employment opportunity, inflict emotional pain and suffering upon them, cause them to suffer financial losses and otherwise adversely affected the class.

   9. The unlawful employment practices complained of in paragraph 7 above were intentional.

   10. The unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of the class, and are imputable to the Defendant.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

   A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with Defendant, from engaging in any employment practice which discriminates on the basis of sex.

   B. Order Defendant to institute and carry out policies, practices, and programs which provide equal opportunities for employees to work in an environment free of unlawful

discrimination and provide affirmative relief necessary to eradicate the effects of Defendant's past and present unlawful employment practices.

    C.   Order Defendant to make the class whole by providing compensation for past and future pecuniary losses resulting from its unlawful treatment, including prejudgement interest, in amounts to be determined at trial.

    D.   Order Defendant to compensate the class for past and future nonpecuniary losses resulting from the unlawful employment practices described above, including but not limited to emotional pain, suffering and inconvenience in amounts to be determined at trial.

    E.   Order Defendant to pay the class punitive damages for its conduct described above, in amounts to be determined at trial.

    F.   Grant such further relief as the Court deems necessary and proper in the public interest.

    G.   Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

                                Respectfully submitted,

                                Eric S. Dreiband
                                General Counsel
                                EQUAL EMPLOYMENT OPPORTUNITY
                                COMMISSION
                                1801 L Street, N.W.
                                Washington, D.C. 20507

s/Elizabeth Grossman
Bar Roll No. 105554
Acting Regional Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
New York District Office
33 Whitehall Street, 5th Floor,
New York, New York 10004-2112
Tel.(212)336-3696
Fax.(212)336-3623
elizabeth.grossman@eeoc.gov

s/Arnold J. Lizana III
Bar No. MA 646161
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Boston Area Office
John F. Kennedy Federal Building,
Room 475
Boston, MA 02203-0506
Tel.(617) 565-3210
Fax.(617) 565-3196
alizana.lizana@eeoc.gov