UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
----------------------------------X
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

                              Plaintiff,

Civil Action No.
04-CV-1091-GLS/RT

THERESA CHASE

                Plaintiff-Intervenor

      - v -

WHITE HOUSE HOME FOR ADULTS

                Defendant.
----------------------------------X

## CONSENT DECREE

This cause of action was initiated on or about September 20, 2004 by Plaintiff Equal Employment Opportunity Commission (EEOC), an agency of the United States Government. EEOC filed this action against Defendant, White House Home For Adults (Defendant), under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and retaliation, and to provide appropriate relief to Theresa Chase (Plaintiff-Intervenor) and a class of similarly situated female employees who were adversely affected by such unlawful practices. On December 28, 2005 Plaintiff-Intervenor, Theresa Chase, filed a complaint against Defendant, under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and retaliation, and to provide appropriate relief to Plaintiff-Intervenor and a class of similarly situated female employees who were adversely affected by such unlawful practices. EEOC and Plaintiff-Intervenor's complaints

alleged that Defendant unlawfully created and failed to remedy a hostile work environment by subjecting Plaintiff-Intervenor and a class of other similarly situated female employees to sexual harassment and unlawfully retaliated against them for opposing discriminatory employment practices. The complaints also allege that Theresa Chase and similarly situated female employees were constructively discharged when Defendant failed to remedy the sexually hostile work environment. Defendant does not admit to liability or any wrongful conduct.

The parties agree that it is in their mutual interest to fully resolve this matter without further litigation.

The parties stipulate and consent to the entry of this Consent Decree as final and binding between the parties and their successors or assigns.

The parties have agreed that this Decree may be entered without Findings of Fact and Conclusions of Law having been made and entered by the Court.

In consideration of the mutual promises of each party to this Decree, the sufficiency of which is hereby acknowledged, it is agreed and IT IS ORDERED, ADJUDGED AND DECREED AS FOLLOWED:

### General Provisions

1.  This Decree resolves all of the issues raised by EEOC Charge No. 165-2003-00273 and the complaint filed by EEOC in this action, as well as the amended complaint filed by Plaintiff-Intervenor, Theresa Chase. This Decree in no way effects EEOC's right to process any other pending or future charges that may be filed against Defendant and to commence civil actions on any such charges as EEOC sees fit.

2.  The Court has jurisdiction of the subject matter of this action and over the parties, venue is proper, and all administrative prerequisites have been met.

3. No party shall contest the validity of this Decree.

4. No party shall contest the jurisdiction of the United States District Court to enforce this Decree and its terms, or the right of EEOC to bring an enforcement suit upon the breach of any of the terms of this Decree by Defendant.

5. Breach of any term of this Decree may be deemed a substantive breach. EEOC shall determine whether Defendant has complied with the terms of this decree and is authorized to seek compliance with the Decree in the United States District Court.

6. Defendant and its managers, officers, agents, parent organization, successors and assigns are enjoined from discriminating against any individual because of the individual's sex, and are enjoined from harassing any individual because of the individual's sex.

7. Defendant and its managers, officers, agents, parent organization, successors and assigns are enjoined from retaliating against any individual for asserting her or his rights under Title VII, are enjoined from retaliating against any individual who files or has filed a charge, gives or has given testimony or given assistance with the investigation or litigation of these charges or action, or asserts or has asserted her or his rights under Title VII. Defendant and its managers, officers, agents, parent organization, successors and assigns are enjoined from retaliating against any individual who engages in or has engaged in protected activity under Title VII, and are enjoined from retaliating against Plaintiff-Intervenor and any other persons who participated as a Claimant or a witness, or who otherwise assisted in this matter.

## Written Policies and Procedures

8. Within 15 days of the entry of this Decree, Defendant will implement and maintain the written policies and procedures prohibiting employment discrimination, including sex discrimination, sexual harassment and retaliation, attached as Appendix A.

9. Within 15 days of the entry of this Decree, Defendant will implement and maintain the complaint procedure for employees who believe that they have been discriminated against, harassed, or retaliated against, as outlined in Appendix A.

10. Within 15 days of the entry of this Decree, Defendant will implement and maintain procedures for the investigation and handling of reported allegations of or suspected incidents of discrimination, harassment or retaliation, together with a disciplinary policy for employees who engage in discriminatory, harassing or retaliatory behavior, as outlined in Appendix A.

11. Defendant will distribute a copy of the written policies and procedures described in paragraphs 8 through 10 above to all of its employees within 15 days of the entry of this Decree, and shall distribute a copy of the written policies and procedures to all employees hired thereafter within 5 days of the commencement of their employment.

## Notice and Posting

12. Within 15 days of the entry of this Decree, Defendant will display and maintain the EEOC poster in a place visually accessible to applicants and employees of Defendant.

13. Within 15 days of the entry of this Decree, Defendant will display and maintain, in a place visually accessible to applicants and employees of Defendant, a copy of the non-discrimination policy described in paragraph 8, the complaint procedure described in paragraph 9, and the disciplinary policy for employees who engage in discriminatory, harassing or retaliatory behavior described in paragraph 10.

14. Within 15 days of the entry of this Decree, Defendant will display and maintain in a place visually accessible to applicants and employees of Defendant, a remedial Notice pursuant to this Decree, a copy of which is attached as Appendix B, printed on EEOC letterhead.

15. Within 15 days of execution of this decree, Defendant will send a memorandum to all employees, a copy of which is attached as Appendix C, stating Defendant's commitment to abide by all federal laws prohibiting employment discrimination.

### Anti-Discrimination Training

16. Within 90 days of the entry of this Decree, and every year thereafter for the duration of this Decree, Defendant will provide all of its employees with no fewer than 2 hours of training in federal laws prohibiting discrimination in employment.

   a. The anti-discrimination training will be conducted by Meredith H. Savitt Esq., Law Office of Meredith H. Savitt 126 State Street, Albany, New York 12207.

   b. The content of the anti-discrimination training is set forth in Appendix D.

   c. Defendant will maintain attendance records identifying the name and job title of the attendees at each session. Within 5 days of the training, Defendant will forward to EEOC a copy of the attendance records from the training session.

17. Within 90 days of the entry of this Decree, Defendant will provide all of its new employees with training materials in federal laws prohibiting discrimination in employment.

   a. The content of the anti-discrimination training s will be distributed and reviewed by new employees within 5 days of the commencement of employment by a new employee.

   b. The content of the anti-discrimination training are set forth in Appendix E.

   c. Defendant will maintain records identifying the name and job title of the employees receiving such training, the date of commencement of employment, and date of training. Every year, for the duration of this Decree, Defendant will forward to EEOC a copy of the records regarding such training.

18. Within 90 days of the entry of this Decree, and every year thereafter for the duration of this Decree, Defendant will provide no fewer than one additional hour of training in federal laws prohibiting discrimination for all management and supervisory employees of Defendant.

    a. The content of the anti-discrimination training is set forth in Appendix F.

    b. Defendant will maintain attendance records identifying the name and job title of the attendees at each session. Within 5 days of the training, Defendant will forward to EEOC a copy of the attendance records from the training session.

19. Within 90 days of the entry of this Decree, Defendant will provide all of its new managers and supervisory personnel with written anti-discrimination training materials, within 5 days of the date such personnel are placed in a managerial or supervisory position.

    a. The content of the anti-discrimination training materials is set forth in Appendix G.

    b. Defendant will maintain records identifying the name and job title of the employees receiving such training, the date of commencement of each such employee's managerial or supervisory position, and date of training. Every year, for the duration of this Decree, Defendant will forward to EEOC a copy of the records regarding such training.

20. Within 15 days of the entry of this decree, Defendant will require Ronald Hertzel to undergo a minimum of 3 hours of training and counseling regarding federal laws prohibiting discrimination.

    a. The anti-discrimination training will be conducted by Meredith H. Savitt Esq., Law Office of Meredith H. Savitt 126 State Street, Albany, New York 12207.

    b. The content of the anti-discrimination training is set forth in Appendix H.

      c.    Within 5 days of the training/counseling, Defendant shall furnish EEOC with proof that the training/counseling was completed.

## Monetary Damages

21.    Defendant shall pay a total of $45,000 to claimant Theresa Chase in compensatory damages and attorneys fees as follows:

      a. Within 30 days of entry of this decree, Defendant shall pay Theresa Chase the sum of $30,000;

      b. Within 60 days of entry of the decree, Defendant shall pay Theresa Chase an additional sum of $3,000;

      c. Within 90 days of entry of the decree, Defendant shall pay Theresa Chase an additional sum of $3,000;

      d. Within 120 days of entry of the decree, Defendant shall pay Theresa Chase an additional sum of $3,000;

      e. Within 150 days of entry of the decree, Defendant shall pay Theresa Chase an additional sum of $3,000;

      f. Within 180 days of entry of the decree, Defendant shall pay Theresa Chase an additional sum of $3,000.

22.    Defendant will issue 1099 tax forms to Claimant. Claimant will be responsible for her own tax reporting. Defendant will send all checks to Theresa Chase c/o Joann Sternheimer Esq. Deily, Mooney & Glastetter, LLP 8 Thurlow Terrace Albany, NY 12203 and will simultaneously send a copy of each check to EEOC, Boston Area Office, 475 JFK Federal Building, 4th floor, Boston, MA 02203 (attention: Arnold Lizana, Legal Unit).

### Additional Monitoring Provisions

23.　For the duration of this Decree, Defendant shall maintain records of all written or oral complaints or allegations of discrimination, sexual harassment or retaliation made by any of its employees. Within 180 days of the entry of this Decree, and every 12 months thereafter, Defendant shall provide EEOC with a written report containing a summary of each complaint, if any, and for each such complaint: the name of the complaining party or party who was allegedly subjected to discrimination, harassment or retaliation, the name of the person(s) who allegedly engaged in such discriminatory, harassing or retaliatory conduct, the results of any investigation of the complaint, and any remedial action taken by Defendant. A final report shall be sent to EEOC 15 days before the date of the expiration of this Decree.

24.　In addition to the monitoring provisions set forth elsewhere in this Decree, EEOC may monitor compliance during the duration of this Decree by inspection of Defendant's premises, records, and interviews with employees at reasonable times. Upon 5 days notice by the EEOC, Defendant will make available for inspection and copying any records requested by EEOC, facilities sought to be inspected by EEOC, and employees sought to be interviewed by EEOC.

25.　All materials required by this Decree to be sent to EEOC shall be addressed to:

> Equal Employment Opportunity Commission
> Boston Area Office
> Legal Unit
> Attention: Arnold J. Lizana III, Trial Attorney
> John F. Kennedy Federal Building, Room 475
> Boston, MA 02203-0506

### Duration of Decree

26.　This Decree will remain in effect for three years from the date of entry.

Dated:     New York, New York
               9/21 , 2007

*Elizabeth Grossman*
Regional Attorney

*Arnold J. Lizana, III*
Trial Attorney

For Plaintiff EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
John F. Kennedy Federal Building,
Room 475
Boston, MA 02203-0506

Dated:     Albany, New York
               9/22 , 2007

*Joann Sternheimer Esq.*
DEILY, MOONEY & GLASTETTER, LLP

For Plaintiff-Intervenor THERESA CHASE
8 Thurlow Terrace
Albany, New York 12203

Dated:     New York, New York
               9/10 , 2007

*Meredith Savitt, Esq.*
For Defendant
126 State Street
Albany, NY 12207

Attorney for Defendant

**SO ORDERED, ADJUDGED AND DECREED this** 27th **day of** September, 2007.

*William K. Sessions III* [1]
United States District Judge

---

1   sitting by designation in the Northern District of New York.